MARY JO O'NEILL  AZ Bar No. 005924
Sally Shanley AZ Bar No. 012251
Guy David Knoller AZ Bar No. 002803
Richard Sexton PA Bar No. 202584
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012
Telephone:  (602) 640-5067
Fax: (602) 640-5009
e-mail:  mary.oneill@eeoc.gov
           sally.shanley@eeoc.gov
           guy.knoller@eeoc.gov
           richard.sexton@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) Case No. CIV-10-01432 |
| Plaintiff, | ) ) |
| vs. | ) **COMPLAINT AND** |
| | ) **JURY TRIAL DEMAND** |
| Banner Health, an Arizona corporation, | ) ) |
| Defendant. | ) ) |
| _____ | ) |

## NATURE OF THE ACTIONS

Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), brings three claims against Defendant Banner Health.  The three claims are actions under Title I and Title V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Lee Fladmo ("Fladmo") who was adversely affected by such practices.  The Commission alleges in the first two claims that

Defendant discriminated against Fladmo because of his disability by failing to provide him reasonable accommodations during his employment and by terminating him in violation of Section 102 of the ADA, 42 U.S.C. §12112(a). In the third claim, the Commission alleges breach of a Mediation Agreement reached between the Commission, Defendant, and the Charging Party Lee Fladmo. Specifically, on October 10, 2002, the Commission, Defendant, and Lee Fladmo entered into a Mediation Agreement in settlement of EEOC Charge No. 350-A2-02949, filed by Lee Fladmo against Defendant. The Commission alleges that Defendant breached the Mediation Agreement when it failed to abide by the terms of the agreement, as further discussed herein.

## **JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is brought pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practice alleged to be unlawful was committed within the jurisdiction of the United States District Court for the District of Arizona.

## **PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the

administration, interpretation, and enforcement of Title VII, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f) (1) of Title VII, 42 U.S.C. § 2000e-5(f) (1).

4.     At all relevant times, Defendant Banner Health ("Defendant") has continuously been an Arizona corporation doing business in the state of Arizona and the county of Maricopa, and has had continuously at least fifteen (15) employees.

5.     At all relevant times, Defendant have continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6.     At all relevant times, Defendant has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **STATEMENT OF CLAIMS**
### **First Claim For Relief:**

### **Failure to Provide Reasonable Accommodations**

7.     More than thirty days prior to the institution of this lawsuit, Lee Fladmo filed two charges with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled .

8.     Lee Fladmo is disabled and is substantially limited in one or more

major life activities, including but not limited to interacting with others, concentrating, thinking, reading, performing basic cognitive functions such as arithmetic, and caring for himself.

9. Lee Fladmo is a person with a disability as defined under the ADA; he has mental retardation.

10. During Lee Fladmo's employment with Defendant, particularly between October 2002 and October 2005, his brother Dean Fladmo, who held his power of attorney, requested on a number of occasions that Defendant allow Lee Fladmo to have a job coach at work, which was a request for a reasonable accommodation.

11. In addition, a job coach contacted Defendant on a number of occasions in September and October of 2005 requesting to assist Lee Fladmo at Defendant's workplace as a job coach.

12. Lee Fladmo, also through his brother and Power of Attorney, on or about March 30, 2005, requested certain other reasonable accommodations from Defendant in writing, which included, but were not limited to: a request that Lee Fladmo's supervisor communicate to Lee in a manner which Lee could understand, including additional instruction, demonstrations while instructing, written instructions on how tasks are to be performed, use of words understandable to Lee, requesting Lee repeat what he understands, having him signify that he understood the instruction, and simplifying tasks when possible or reasonable.

13. Between March 30, 2005 and October 2005, Lee Fladmo's brother and Power of Attorney, Dean Fladmo, made numerous attempts to contact Lee Fladmo's

supervisor and Defendant's Director of Human Resources to discuss reasonable accommodations for Lee and alleged poor job performance and disciplinary actions Defendant gave no responses.

14. Defendant did not respond to any of these requests. Each of the requests for reasonable accommodation for Lee Fladmo by his Power of Attorney and by the proposed job coach was ignored by Defendant.

15. Defendant failed to provide any reasonable accommodation to Lee Fladmo.

16. Defendant failed to enter into an interactive process to find a reasonable accommodation for Lee Fladmo.

## Second Claim for Relief:

## Discharge Because of Disability

17. The preceding allegations of the Complaint are incorporated by reference herein.

18. In October 2005, Fladmo was unlawfully terminated by Defendant because of his disability.

19. Defendant unlawfully failed and refused to accommodate Fladmo and unlawfully discharged him because of his disability in violation of the ADA.

20. Since on or about October 2002, Defendant Employer has engaged in unlawful employment practices at its Mesa, Arizona facilities, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a) and Section 102 of the Civil Rights Act of

1991, 42 U.S.C. § 1981a by refusing Lee Fladmo reasonable accommodations and by discharging him because of his disability.

21. The effect of the practices complained of in paragraphs 13 through and including 20 above has been to deprive Lee Fladmo of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

### Third Claim For Relief:

### Violation of Mediation Agreement

22. On or about August 23, 2002, Lee Fladmo filed Charge no. 350-2002-02949C with the EEOC alleging unlawful discrimination because he was terminated because of his disability.

23. After receipt of Mr. Fladmo's previous charge no. 350-2002-02949C in 2002, Defendant voluntarily accepted the Commission's offer to mediate the charge allegations, pursuant to the Commission's Alternative Dispute Resolution ("ADR") program. On or about October 10, 2002, a mediation was held in the Commission's Phoenix office. Lee Fladmo, his brother Dean (who had Lee's power of attorney), and a representative of the Defendant were present for the mediation.

24. As a result of the mediation, the Commission, Defendant and Lee Fladmo entered into a Mediation Agreement dated October 10, 2002. A true and correct copy of the Mediation Agreement is attached to this complaint as Exhibit A.

25. The Mediation Agreement provides, in pertinent part:

(a) in paragraph 5, that the agreement can be specifically enforced in Court when a breach is alleged;

    (b) in paragraph 7D, that Defendant would remove from Fladmo's personnel file a write up of July 18, 2002;

    (c) in paragraph 7F, that Lee Fladmo "will not be asked to sign legal documents, disciplinary actions and or employee driven requests, with out [sic] the participation of his power of attorney, Dean Fladmo…;"

    (d) in paragraph 7G, Defendant "agrees to contact and allow the presence of Charging Party's Power of Attorney for employee reviews, performance issues (positive and negative) and for other matters that may require the need for better lines of communication between" Lee Fladmo and Defendant;

    (e) in paragraph 7K, the HR director agrees "to make himself available to Charging Party and or his Power of Attorney in situations that are deemed of high priority and or important to the Charging Party's work."

  26. Defendant failed to comply with paragraphs 7D, 7F, 7G, and 7K of the Mediation Agreement, more specifically, Defendant :

    (a) failed to remove Lee Fladmo's write up of July 18, 2002, from his personnel file;

    (b) asked Lee Fladmo to sign disciplinary actions without the participation of his power of attorney Dean Fladmo, particularly the those of October 1, 2005;

    (c) failed to contact and allow the presence of Lee Fladmo's Power of Attorney for employee reviews, and performance issues, particularly those between October 2002 and October 2005, and particularly in 2005 on February 4, March 10, 17, and 25, August 11 and 18, and October 1;

(d) failed to make the Human Resources Director available to Lee Fladmo and or his Power of Attorney in situations of high priority and/or important to Lee Fladmo's work by failing to respond to Power of Attorney Dean Flamo's March 30, 2005, written request for accommodations, and the communications by Dean Fladmo from March 2005 to October 2005.

27. Defendant's failure to abide by the terms of the Mediation Agreement constitutes a breach of the Agreement.

28. The unlawful employment practices alleged above in all three Claims for Relief were intentional.

29. The unlawful employment practices alleged above were done with malice or reckless indifference to federally protected rights of Lee Fladmo.

**PRAYER FOR RELIEF**

The Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability discrimination and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Mr. Fladmo by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Mr. Fladmo or, in the alternative, frontpay.

  D. Order Defendant to make whole Mr. Fladmo by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

  E. Order Defendant to make whole Lee Fladmo by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Lee Fladmo punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant damages in an amount to be determined at trial for the beach of the Mediation Agreement.

  H. Grant such further relief as this Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 7th day of July, 2010.

                P. DAVID LOPEZ
                General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                131 M Street NE, 5th Floor
                Washington, DC 20507 0004

                s/ Mary Jo O'Neill_____
                MARY JO O'NEILL
                Regional Attorney

                s/ Sally C. Shanley__
                SALLY C. SHANLEY
                Supervisory Trial Attorney

                *s/* Guy David Knoller____
                GUY DAVID KNOLLER
                TrialAttorney

                s/ Richard Sexton
                RICHARD SEXTON
                Trial Attorney

                EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                3300 N. Central Avenue, Suite 690
                Phoenix, Arizona 85012

                Attorneys for Plaintiff