IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>    Plaintiff,<br><br>  vs.<br><br>Banner Health, an Arizona Corporation<br><br>    Defendant. | Case No. CV-10-1432-PHX-SRB<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission ("the Commission" or "EEOC") filed this action on July 7, 2010, against Banner Health (hereinafter referred to as "Defendant") to enforce Title I of the Civil Rights Act of 1991, Title VII of the Civil Rights Act of 1964, and Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"). The Commission alleged that Defendant discriminated against Lee Fladmo because of his disability by failing to provide him reasonable accommodations during his employment and by terminating him in violation of Section 102 of the ADA, 42 U.S.C. §12112(a). In addition, the Commission alleged breach of a Mediation Agreement reached between the Commission, Defendant, and the Charging Party Lee Fladmo. Specifically, on October 10, 2002, the Commission, Defendant, and Lee Fladmo entered into a Mediation Agreement in settlement of EEOC Charge No. 350-A2-02949, filed by Lee Fladmo against Defendant. The Commission alleges that Defendant breached the Mediation Agreement when it failed to abide by the

terms of the agreement.  Defendant denies these allegations.  The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.  The parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

It is hereby ORDERED, ADJUDGED, and DECREED:

1. This decree resolves all claims of the Commission against Defendant in this lawsuit, including, without limitation lost wages, compensatory and punitive damages, interest, injunctive relief, and costs.

## **INJUNCTION**

2. Defendant and their officers, agents, employees, successors, assigns and all persons in active concert or participation with them, are permanently enjoined for the duration of the decree from discriminating against any employee on the basis of a disability; or by retaliating against any employee in violation of the Americans with Disabilities Act.

## **MONETARY RELIEF**

3. Judgment is entered in favor of the Commission and against Defendant in the amount of Two Hundred and Fifty-Five thousand dollars ($255,000.00).

4. Defendant shall pay the settlement amount separately to the Lee Fladmo Special Needs Trust by check, in accordance with Paragraph Five of this Decree.  This payment represents settlement of back pay in the amount of $90,000.00 and compensatory damages in the amount of $165,000.00 and shall be distributed to the Lee Fladmo Special Needs Trust within the later of ten (10) calendar days of the entry of this decree by the Court and notice that a Special Needs Trust has been judicially created for Lee Fladmo is provided in writing to Defendant.  Defendant shall pay

Defendant's share of the payroll taxes it owes on the $90,000.00 in back wages for the tax year during which payment is made. Defendant will be responsible for paying the employer's share of FUTA and FICA taxes and the amount shall not be taken from the settlement amount. Defendant shall make no deductions from the amount set forth as compensatory damages. Defendant shall issue United States Internal Revenue Service forms W-2 and 1099 for the payments by the date required by law.

5. The checks provided for in Paragraph Four of this Decree shall be mailed directly by Defendant to the Lee Fladmo Special Needs Trust at an address separately supplied by the Commission. Within three business days of issuance of the checks, Defendant shall furnish a copy of the checks and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

6. Defendant will not condition the receipt of monetary relief on Mr. Fladmo's agreement to: (a) maintain as confidential the facts and/or allegations underlying the charge and complaint, information from any documents filed and/or exchanged in this matter, information obtained during discovery, and the terms of this Decree or any other final terms of settlement; (b) waive his statutory right to file prospectively a charge with any governmental agency; (c) agree to a non-disparagement and/or confidentiality agreement; or (d) waive his right to reapply for a position with Defendant.

7. Defendant shall expunge from the personnel file of Mr. Fladmo: (a) all references to the charge of discrimination filed against Defendant that formed the basis of this action; (b) all references to Mr. Fladmo's participation in this action; and (c) any documents which relate to complaints by Mr. Fladmo or investigation of Mr. Fladmo's complaints of unlawful discrimination on the basis of disability.

8. Defendant shall provide Lee Fladmo with a good employment reference when requested to do so by a prospective employer as set forth in Exhibit A.

9. Defendant shall also provide to Lee Fladmo a letter of apology as set forth in Exhibit B.

10. Defendant shall institute written policies, if necessary, concerning disability discrimination to conform to the law. This written policy must include:

    A. A strong and clear commitment to a workplace free of disability discrimination;

    B. Clear and complete definitions of disability discrimination, with many relevant examples.

    C. A clear and strong encouragement of persons who believe they have been discriminated against to come forward and report;

    D. A description of the consequences, up to and including termination, which will be imposed upon violators of the policies;

    E. A promise of maximum feasible confidentiality for persons who believe that they have been harassed or retaliated against;

    F. An assurance of non-retaliation for witnesses of disability discrimination and persons who believe they have been discriminated against;

    G. A commitment that disability discrimination by all persons, including managerial employees, vendors, suppliers, third parties, and customers is prohibited and will not be tolerated;

    H. The identification of specific individuals with their telephone numbers, to whom employees can report the disability discrimination, including a written statement that the employee may report the discrimination to designated persons outside their chain of command;

    I. Procedures by which Defendant will investigate disability discrimination complaints promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant.

These policies shall be available to each current Arizona employee and remain available to employees in electronic or hard copy form. These policies shall be available to all new employees when hired.

11. Defendant shall post for the duration of this Consent Decree the notice attached as Exhibit C in a prominent place frequented by its employees at Banner Gateway Medical Center. The notice shall be the same type, style and size as Exhibit C.

12. Defendant shall provide training, on disability discrimination and reasonable accommodations, according to the following terms:

   A. Within ninety (90) days after the entry of the Decree, the Defendant shall provide a mandatory training seminar for a minimum of sixty (60) minutes at its Banner Gateway Medical Center for all management and supervisory personnel who participate in personnel decision making and all human resource personnel.

   B. The training will cover, at a minimum, the requirements of the Americans with Disabilities Act and the ADAAA, including the obligation to make reasonable accommodations and the procedure to handle requests for a reasonable accommodation. The training shall also focus on examples of reasonable accommodations for developmental or mental disabilities under various circumstances, such as, communicating in language which can be understood, repeating instructions, making sure a communication is understood, instructing by demonstration, and by allowing a job coach on site. The session shall also review and explain Defendant's policies set out in Paragraph Ten (10) of this Consent Decree.

13. Defendant shall promptly and appropriately respond to all complaints of disability discrimination and requests for reasonable accommodation. Defendant shall take immediate appropriate corrective and remedial action to eradicate disability discrimination, including disciplining or terminating the discriminators.

**REPORTING BY DEFENDANTS AND ACCESS BY EEOC**

14. Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, beginning six (6) months from the date of the entry of this Consent Decree, the following information:

   A. Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of disability discrimination and reasonable accommodation;

   B. The name, address, position, and telephone number of any individual who has brought allegations of disability discrimination during the six (6) months preceding the report at Banner Gateway Medical Center. The nature of the complaint, investigatory efforts made by Defendant, conclusions, and the corrective action taken shall be specified;

   C. Confirmation that the Notice required in Paragraph Eleven (11) of this Consent Decree was posted and the locations where it was posted, and the policies required in Paragraph Ten (10) of this Consent Decree were available to each current and new employee;

   D. A copy of the revised policy, if any, required in Paragraph Ten (10) of this Consent Decree.

   E. Confirmation that the training required in paragraph twelve(12) has taken place; and

15. The Commission, upon reasonable written notice, shall have the right to enter and inspect Defendant's premises at Banner Gateway Medical Center during the duration of this Decree for the purposes of (a) attending training specified above; and (b) reviewing files or postings as necessary to ensure compliance with this Decree.

**COSTS AND DURATION**

16. Each party shall bear its costs and attorney's fees incurred herein.

17. The duration of this Decree shall be two (2) years from its entry. This Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree. Should the Court determine that Defendant has not complied with this Consent Decree, appropriate relief may be ordered. This Consent Decree shall expire by its own terms at the end of twenty-four (24) months from entry, without further action by the parties.

18. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

Dated this 27th day of July, 2012.

_____
Susan R. Bolton
United States District Judge

**APPROVED AND CONSENTED TO:**

| | |
|---|---|
| Authorized Representative for Banner Health Defendant: _____ | Mary Jo O'Neill<br>Regional Attorney<br>Phoenix District Office |
| Steptoe & Johnson<br>201 E. Washington Street, Suite 1600<br>Phoenix, AZ 85004 | Andrea G. Baran<br>Supervisory Trial Attorney |
| By:_____<br>      Stephanie Quincy<br><br>Attorneys for Defendant: | Guy D. Knoller<br>Senior Trial Attorney<br><br>James Driscoll-Maceachron<br>Trial Attorney<br><br>Attorneys for Plaintiff Equal Employment Opportunity Commission |

# **EXHIBIT A**

[Defendant's Letterhead]

To Whom it May Concern:

    This letter will serve to confirm Mr. Lee Fladmo's employment with Banner Health from 1984 to October 2005.  During this time, Mr. Fladmo held the position of dietary aide/kitchen worker and performed his duties satisfactorily.  Mr. Fladmo is eligible for rehire.

                               Sincerely,


                               Christine McSweeny
                               Associate Administrator

**EXHIBIT B**

[Defendant's letterhead]

Mr. Lee Fladmo

Dear Mr. Fladmo:

As you are aware, a lawsuit was filed by the Equal Employment Opportunity Commission against Banner Health alleging discrimination against you on the basis of disability.

Please accept our sincere apologies, on behalf of Banner Health, and our management, that your employment ended in the manner it did. You were a valued employee for many years. We regret that the ending of your employment was handled in the manner it was. We wish you all the best in the future.

Sincerely,

Christine McSweeny
Associate Administrator

- 10 -

# EXHIBIT C

## NOTICE TO ALL EMPLOYEES AT BANNER GATEWAY MEDICAL CENTER

This Notice is posted pursuant to a Consent Decree entered into between Banner Health and the Equal Employment Opportunity Commission ("EEOC").

It is unlawful under federal law, the Americans with Disability Act, the Americans with Disabilities Act Amendments and state law to discriminate against an employee on the basis of a disability, in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment.  It is also unlawful to retaliate against any person because the person protested or reported the discriminatory practices to management or the EEOC.

Banner Health shall not discriminate against any employee on the basis of a disability and shall not retaliate against any employee for complaining about discrimination.   Banner Health shall make reasonable accommodations to the known physical or mental disabilities of otherwise qualified employees or applicants with a disability.

If you believe you have been discriminated against, you have the right to seek assistance from:

> Banner Gateway Medical Center
> Human Resources
> (480) 543-2400
>
> Equal Employment Opportunity Commission
> 3300 North Central Avenue, Suite 690
> Phoenix, Arizona 85012
> Telephone: (602) 640-5000
> TTY: (602) 640-5072
> Website (national): www.eeoc.gov

You have the right to file a charge with the EEOC if you believe you are being discriminated against, retaliated against or have not received a reasonable accommodation you requested.

<u>No Retaliation Clause</u>.  It is against the law for any action to be taken against you by any supervisory or management official of Banner Health for: (1) opposing disability discrimination or other discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under the ADA.  Should any such retaliatory actions be taken against you, you should immediately contact the EEOC at the address or telephone number listed above.